UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

REINIER Q.A.,[1]

        Petitioner,

    v.

WARDEN, GOLDEN STATE ANNEX DETENTION FACILITY,

        Respondent.

No.  1:26-cv-04114-TLN-SCR

(A# 233-778-553)

**ORDER**

Petitioner is a *pro se* federal immigration detainee who filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On June 17, 2026, the magistrate judge filed findings and recommendations herein which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within seven days.  (ECF No. 10.)  Respondent filed objections to the findings and recommendations for the reasons indicated in their prior responsive pleading.  (ECF No. 11.)

---

[1]  The Court omits Petitioner's full name to protect sensitive personal information.  *See* Memorandum Re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

1

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this Court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, the Court finds the findings and recommendations to be supported by the record and by proper analysis.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations (ECF No. 10) are adopted in full.

2. Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1) is GRANTED as follows:

    a. Respondent must IMMEDIATELY RELEASE Petitioner Reiner Quiala Acanda (A# 233-778-553) from custody under the same conditions he was released prior to his current detention. Respondent shall not impose any additional restrictions on him, unless such restrictions are determined to be necessary at a future pre-deprivation/custody hearing. At the time of release, Respondent must provide a copy of this Order to Petitioner and return all of Petitioner's documents and possessions.

    b. Respondent is ordered to file a **notice of compliance within two (2) court days** of this Order.

    c. Respondent is ENJOINED and RESTRAINED from re-detaining Petitioner absent compliance with constitutional protections, including seven days of notice and a pre-deprivation hearing before a neutral fact-finder where: (i) Respondent shows material changed circumstances demonstrate a significant likelihood of Petitioner's removal in the reasonably foreseeable future, or (ii) Respondent demonstrates by clear and convincing evidence that the government's interest in protecting the public or ensuring Petitioner appears at future immigration proceedings outweighs his constitutionally protected interest in remaining free from detention. *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001); *Hernandez v. Sessions*, 872 F.3d 976, 990 (2017). At any such hearing, Petitioner shall be allowed to have counsel present.

3. The Clerk is directed to serve the **Golden State Annex** with a copy of this Order.

4.    The Clerk of the Court shall enter judgment in favor of Petitioner and close this case.

IT IS SO ORDERED.

Date: June 22, 2026

_____
TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE

3